ALICE K. MERRILL v. SECURITY TRUST COMPANY.[1]

January 6, 1898.

Nos. 10,706—(195).

**Insolvency — Assignment by Married Man — Title of Assignee Not Subject to Wife's Third.**

Where a married man executes, under the insolvent law, an assignment of all his nonexempt property for the benefit of his creditors (his wife not joining), the assignee's title to the real estate assigned is not subject to the wife's inchoate right.

**Same — Deed of Assignee Conveys Complete Title — Wife's Interest after Execution of Trust.**

Deeds by the assignee in execution of the trust convey a complete title, and the wife has an inchoate interest only in the land, if any, which remains undisposed of after the trust is fully executed.

**Same — Dayton v. Corser, 51 Minn. 406, Distinguished—Goodwin v. Kumm, 43 Minn. 403, Limited.**

Dayton v. Corser, 51 Minn. 406, distinguished, and Goodwin v. Kumm, 43 Minn. 403, considered and limited.

Appeal by defendant from an order of the district court for Ramsey county, Lewis, J., overruling its demurrer to the complaint. Reversed.

*Edmund S. Durment,* for appellant.

The insolvency law contains no provision saving the wife's right, but provides that the debtor may make an assignment of all his unexempt property for the benefit of his creditors. G. S. 1894, § 4240. By "unexempt" is meant property not exempted from sale on execution by the provisions of the statutes fixing exemptions. These statutes do not refer to the wife's right. The term "all his property" includes the entire interest in the property and does not

[1] Reported in 73 N. W. 640.

exclude the wife's right. Until the husband's death the property is his. When her right accrues by his death she is in of her husband's title, and not as purchaser or grantee. Scott v. Wells, 55 Minn. 274; Morrison v. Rice, 35 Minn. 436; Lake Phalen v. Lindeke, 66 Minn. 209; Moore v. Mayor, 4 Sandf. 456; In re Central Park, 16 Abb. Pr. 56, 69; Weaver v. Gregg, 6 Oh. St. 547. To hold that the assignment cuts off the wife's right is in accordance with public policy and the intent of the insolvency law. Kinney v. Sharvey, 48 Minn. 93.

The provision of the statute requiring her consent to an alienation of property to bar her inchoate right has no application to an assignment under the insolvency law, for such an assignment is not a disposition by the husband, but one made by the law. Where the law makes a disposition of the property, the wife's right is cut off, and does not even attach to the proceeds. So in condemnation proceedings. Mills, Em. Dom. § 71; Canty v. Latterner, 31 Minn. 239; Moore v. Mayor, supra; In re Central Park, supra; French v. Lord, 69 Me. 537.

*M. L. Countryman*, for respondent.

The statutory interest of the surviving spouse cannot be devested either by the voluntary act of the deceased during coverture, or by the machinery of the law for the collection of debts during coverture. Goodwin v. Kumm, 43 Minn. 403; Dayton v. Corser, 51 Minn. 406. An assignment under the insolvency law is either a voluntary disposition by the husband without the wife's consent, or a disposition made by law during his lifetime on behalf of his creditors. In either case the widow is entitled to her third in the absence of any express provision of the insolvency law cutting her off from it. The main objects of the insolvency law are not materially different from those of the provisions relating to attachments, judgment liens and executions, being to subject a debtor's unexempt property to the payment of his debts. The only additional purpose of the insolvency law is to prevent one or a few of the creditors from getting more than their share of unexempt property, if there is not enough for all.

In Pennsylvania it is settled doctrine that the wife's right of

dower is not devested by a voluntary assignment for the benefit of creditors made by the husband alone and the subsequent sale by the assignee. Eberle v. Fisher, 13 Pa. St. 526; Helfrich v. Obermyer, 15 Pa. St. 113; Keller v. Michael, 2 Yeates, 300; Lazear v. Porter, 87 Pa. St. 513. So under the old federal bankrupt law, In re Angier, 4 N. B. R. 619.

MITCHELL, J.

In 1893 D. D. Merrill (a married man), being insolvent, executed to the defendant pursuant to the insolvent law of 1881 (G. S. 1894, §§ 4240–4252) an assignment of all his nonexempt property for the benefit of his creditors. Included in the assigned property was a large amount of real estate, which the defendant still holds for the purposes of the trust. Mrs. Merrill did not join with her husband in the execution of the assignment. Merrill died in 1896, and the plaintiff, his widow, brings this action against the defendant for a partition of the real estate, claiming that, under the statute, she is now the absolute owner of one undivided third of it, free from the payment of any part of the debts of her deceased husband. Aside from certain questions of practice, not necessary to be considered, the only question presented by this appeal is whether this claim on part of the widow is correct.

Owing to their early professional education, lawyers may be liable to enter upon the consideration of this question with certain preconceived impressions, derived from the doctrines relating to common-law dower (which was not subject to the payment of the husband's debts), and to fail to give due weight to the fact that with us the widow's statutory one-third in the real estate of her husband is

"Subject, in its just proportion with the other real estate to the payment of such debts of the deceased as are not paid from the personal estate." [2]

Some things which this court has said, if not decided, will show that our minds have not always been entirely free from these preconceived impressions. In view of the plain provisions of the stat-

[2] See G. S. 1894, § 4471.

ute there can be no question that, when the husband's estate is administered in the probate court, the widow's third in his real estate is subject to the payment of its just proportion of his debts. Sales of real estate by the personal representative for the payment of debts are not subject to the widow's right, but convey a complete title. All that the widow gets in such a case is a third of the real estate which is left after the debts are paid.

Every reason for this applies with equal or greater force where the husband's entire nonexempt estate is administered by the district court in bankruptcy. In the latter case, although not physically dead, he is financially so. If, after his discharge, he acquires property, it is by virtue of what may be termed a "new financial birth," as of the date of his discharge. In bankruptcy, as in probate, his entire nonexempt estate is in court for purposes of administration and distribution; and in the one case as in the other all his creditors are or may become parties to the proceedings. The insolvent law contains no provision that the assignment by the husband shall be subject to the wife's inchoate right in his real estate; and, in our opinion, the provisions of statute requiring the wife's assent in writing to conveyances by the husband, in order to bar her inchoate interest in the property conveyed, have no application to a general assignment under the insolvency law for the benefit of creditors. It would result in an anomalous state of things if the wife is held to have greater rights when her husband's estate is administered in bankruptcy than when it is administered in probate.

Take the present case for example. If plaintiff's contention is correct, she is entitled to an absolute one-third of her husband's estate, regardless of the amount of his debts; and yet, if he had happened to die without making this assignment, and the estate had been administered by the probate court, she would in all probability have been entitled to nothing except the homestead, if there was one. Any such rule would be attended with grave practical evils, and would tend to defeat to a great extent the purposes of the insolvency law. It is a well-known fact that property sold subject to the wife's inchoate interest will not usually bring anything like its full value. The result would be that the land would be dis-

posed of without either debtor or creditors getting the benefit of its full value, and that, too, without the wife deriving anything but a very remote and contingent advantage from the sacrifice of the property.

We are referred to Dayton v. Corser, 51 Minn. 406, 53 N. W. 717, as being in conflict with these views. In that case we held that the sale of the land of one spouse, on execution founded upon a judgment against the owner, did not devest the inchoate interest of the other spouse. Whatever might be said of the decision if the question was res integra, we are not disposed to overrule or modify it. But that case and the present one are not at all analogous. In the case of sale on execution, the estate of the debtor is not in court for administration. No property is affected except the particular tract or tracts sold. Neither are his creditors in court or parties to the proceeding. There is no way of determining who his creditors are, or how much his debts amount to. Hence there is no way by which it can be determined what would be the just proportion of his debts to which the wife's inchoate interest in the particular tract should be subjected.

Goodwin v. Kumm, 43 Minn. 403, 45 N. W. 853, is also relied on by plaintiff's counsel. That case was rightly decided on the ground that the husband cannot, by his covenants of title against the inchoate interest of his wife in the deed of conveyance, create by their breach a debt which will indirectly have the effect of devesting the wife's inchoate interest in the property conveyed. If the opinion had put the decision of the case on that ground alone, it would have been entirely sound; but it proceeded obiter to announce certain other propositions, some of which are probably incorrect.

The order overruling the demurrer is reversed.